IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS DRUMMOND,<br>    Petitioner, | )<br>)<br>) |
| v.<br>UNITED STATES OF AMERICA,<br>    Respondent | )<br>)<br>)<br>) |

Criminal No. CR 03-182

## **MEMORANDUM OPINION**

Carlos Drummond ("Petitioner"), acting *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of imprisonment imposed upon him by this Court on February 11, 2005. For the reasons set forth below, Petitioner's motion is denied.

**I.    BACKGROUND**[1]

On July 8, 2003, the grand jury handed down a four-count indictment, charging Petitioner with three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (CR 03-182, Doc. No. 1, "Indictment," Counts 1, 2, and 4.) He was also charged with possession with intent to distribute and distribution of less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C) (Indictment, Count 3.)

Federal Public Defender Thomas Livingston was appointed to represent Mr. Drummond on July 10, 2003. (Doc. No. 9.) At his arraignment on July 14, 2003, Petitioner pled guilty to all four counts of the Indictment. This plea was withdrawn on June 9, 2004, and Mr. Drummond pled guilty to Counts 1 and 4, pursuant to plea agreement signed on June 9, 2004. (Doc. No. 21, Government Exhibit 1.)

---

[1] The facts in this section are undisputed.

On February 10, 2005, Petitioner was sentenced to 120 months' imprisonment on each of Counts I and 4, to be served concurrently, followed by three years of supervised release. Counts 2 and 3 were dismissed on motion of the Government. (Judgment, Doc. No. 36.)

Petitioner did not file a direct appeal of his sentence. On March 10, 2006, the Clerk of Courts for this Court received from Mr. Drummond a *pro se* "Motion to Reinstate Sentence Appeal Rights" pursuant to 28 U.S.C. § 2255,[2] arguing that counsel had been ineffective for failing "to file the requested papers necessary to lodge an [sic] sentence appeal." (Doc. No. 38, "Motion," at 2.) Mr. Drummond argues that even if he did not request his attorney to file a notice of appeal, "as a matter of procedural safeguards afforded to petitioner under the Due Process Clause of the 5th Amendment to the U.S. Constitution," such an appeal ought to have been filed. (Motion at 3.) Mr. Livingston's failure to do so was, therefore, "per se ineffective assistance of counsel." (Motion at 4, citing Roe v. Flores-Ortega, 528 U.S. 470, 476-477 (2000), and United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).) Petitioner seeks an evidentiary hearing on this matter, authorization to file a late notice of appeal, an order reinstating all of his sentence appeal rights, and appointment of a new appellate attorney to represent him on his appeal. (Motion at 5.)

## II. ANALYSIS

The Court cannot reach the merits of Mr. Drummond's arguments inasmuch as we find that his appeal under § 2255 is untimely. Section 2255 provides a one-year period in which a federal inmate may bring a motion to vacate, set aside or correct his/her sentence. That one-year period begins to run from the latest of:

(a)   the date on which the judgment becomes final;

---

[2] In relevant part, 28 U.S.C. § 2255 provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed *in violation of the Constitution or laws of the United States*, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.)

2

    (b)    the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed;

    (c)    the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (d)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As noted above, Mr. Drummond was sentenced on Thursday, February 10, 2005 and judgment was entered in the docket on February 11, 2005. Under Federal Rule of Appellate Procedure 4, Petitioner had ten days thereafter in which to notify this Court that he intended to file an appeal from his conviction and sentence to the United States Court of Appeals for the Third Circuit.[3] He did not do so. If no direct appeal is taken, the judgment of conviction is final ten days after entry of the judgment on the district court's docket. See Griffith v. Kentucky, 479 U.S. 314, 321 n6 (1987); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.") Pursuant to Federal Rule of Appellate Procedure 26(a)(2), the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays. Therefore, recognizing that February 21 was a legal holiday (Presidents' Day), on February 26, 2005, the time for filing a notice of appeal expired, his sentence became final, and the one-year period in which to file a motion under § 2255 began to run.

Consequently, February 26, 2006, was the final date on which Mr. Drummond could timely file a motion under § 2255. The motion and the declaration attached thereto are dated March 1,

---

[3] In relevant part, Federal Rule of Appellate Procedure 4 provides: "(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b). Appeal in a Criminal Case. Time for Filing a Notice of Appeal.

3

2006. A *pro se* prisoner's § 2255 motion is deemed filed when it is delivered to the prison officials for mailing. Kapral, 166 F3d. at 567, *citing* Houston v. Lack, 487 U.S. 266 (1988). The envelope in which the documents were sent was postmarked March 9, 2006, and there is no notice on the motion or declaration to indicate that the documents were provided to prison officials for mailing prior to that date. Therefore, the postmark indicates that the motion was filed at least ten days after the statute of limitations had run.[4]

The facts of this case are further complicated by the fact that on February 16, 2005, an amended judgment was entered, correcting a clerical omission in the prior judgment, i.e., the Court's decision to reject a recommendation of the Probation Office in the Pre-Sentence Investigation Report that Mr. Drummond be subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Doc. No. 37.) Even if the Court were to calculate the date on which the judgment became final beginning with the date on which the amended, not the original, judgment was filed, that extension does not save Mr. Drummond's motion because doing so simply extends the one-year period to March 3, 2006.

In its response to Petitioner's § 2255 motion, the Government noted that if the Court were to somehow conclude that the motion was timely, an evidentiary hearing would be necessary in order for the Court to resolve the factual disputes regarding defense counsel's failure to appeal Petitioner's sentence. (Government's Response in Opposition to Defendant's Motion to Reinstate Sentence Appeal Rights under 28 U.S.C. § 2255, Doc. No. 42, at 5-6.) Mr. Drummond moved for an extension of time to answer the arguments therein (Doc. No. 43). Petitioner was granted an extension until May 22, 2006, to file such a response, however, he did not do so until June 5, 2006. (Doc. No. 45.) Despite its late submission, in light of Petitioner's *pro se* status, the Court has considered the content of that document.

---

[4] This calculation takes into account that February 26, 2006, was a Sunday and, consequently, the first day thereafter that the motion could have been filed was Monday, February 27, 2006.

4

The Government clearly set out in its response the statute of limitations requirements of § 2255. However, in his answer, Mr. Drummond addresses only the question of whether an evidentiary hearing should be held, never considering the more primary issue of his petition's untimeliness.[5]

Under 28 U.S.C. § 2255, a habeas corpus petitioner is entitled to a mandatory evidentiary hearing unless it is clear from the pleadings, files and records that he is not entitled to relief. United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988). Having concluded, based on the written record, that Mr. Drummond's petition must be rejected as untimely, the Court finds no reason to hold an evidentiary hearing.

Finally, the Court denies a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.")

An appropriate Order follows.

June **20**, 2006.

Arthur J. Schwab
United States District Judge for
William L. Standish
United States District Judge

cc:   Carlos Drummond, pro se
      No. 07841-068
      Unit A-2, P.O. Box 2000
      U.S.P. Hazelton
      Bruceton Mills, WV 26525

---

[5] Although Petitioner contends "that the Federal Rules of Appellate Procedure Rule 4 et seq. allows [sic] this court to grant defendant relief by way of reinstatement of his appeal rights" (Doc. No. 45 at 1), the Court is unable to discern the intent of this conclusory statement.

Charles A. Eberle, Esq.
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
Email: charles.eberle@usdoj.gov